IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GAIL D. SCHMIDT )
) No. 18-1623
v.

ANDREW SAUL,[1]
COMMISSIONER OF SOCIAL
SECURITY

# OPINION AND ORDER

## SYNOPSIS

In this action, Plaintiff filed an application for disability insurance benefits, alleging disability due to mental and physical impairments. Her application was denued initially, and upon hearing by an Administrative Law Judge ("ALJ"). The Appeals Council denied her request for review. Before the Court are the parties' Cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be granted, and Defendant's denied.

## OPINION

### I. STANDARD OF REVIEW

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002).

---

[1] Andrew Saul, the Commissioner of Social Security, is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

1

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). Substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620, 86 S. Ct. 1018, 16 L. Ed. 2d 131 (1966). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, No. No. 10-6540, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II. THE PARTIES' MOTIONS

Plaintiff's appeal centers on the ALJ's treatment of the opinion of Plaintiff's treating psychiatrist, Dr. Jurczak. In addition, Plaintiff asserts that because the ALJ improperly rejected Dr. Jurczak's opinion, the residual functional capacity ("RFC") was not supported by medical evidence.

2

The ALJ arrived at an RFC of sedentary work, with various exertional limitations, as well as two environmental limitations regarding vibration and noise. With regard to mental or social limitations, the RFC limited Plaintiff to at most frequent interaction with supervisors, coworkers, frequent interaction with the public. The RFC also stated, "[t]his individual would not require frequent supervision."

In a lengthy opinion, the ALJ made clear that she considered all of the pertinent medical records. In the first instance, the ALJ expressly referred to Dr. Jurczak as a "treating psychiatrist," acknowledging awareness of both her specialty and treating status. She concluded that the mental status examination results would be given little weight, because they were unsupported by the thoroughly-recited longitudinal evidence, including benign findings of other physicians and mental health providers; inconsistent with Plaintiff's range of activities; and internally inconsistent. Throughout the decision, the ALJ thoroughly recounted the other mental health treatment and evaluation records and the mental health findings reflected therein. In addition, the ALJ repeatedly voiced concerns about Plaintiff's motives and credibility. I note, too, that Dr. Jurzcak's evaluation appears on a "check box" form, which are often considered of limited value. The existence of evidence that supports Plaintiff's position or Dr. Jurczak's opinion is not dispositive, as the pertinent question relates to whether the ALJ's decision is properly supported. I find no error in the ALJ's overall treatment of Dr. Jurczak's opinion.

Plaintiff also contends that the single mental limitation in the RFC –that is, the limitation on interaction with others – is not supported by medical evidence. Relatedly, Plaintiff asserts that a limitation to "frequent" interaction is barely a limitation at all. I disagree. "Frequent" is defined as occurring from one-third to two-thirds of the time. S.S.R. 83-10. The limitation in the RFC is, therefore, a limitation. Moreover, while courts within this Circuit diverge as to the

3

requirement of supporting medical opinion, in any event, "once the ALJ has made this determination, our review of the ALJ's assessment of the plaintiff's [RFC] assessment will not be set aside if it is supported by substantial evidence." Rathbun v. Berryhill, No. 17-00301, 2018 U.S. Dist. LEXIS 52020, at *18-20 (M.D. Pa. Mar. 12, 2018) (quoting Metzger v. Berryhill, 3:16-cv-1929, 2017 U.S. Dist. LEXIS 60970 (M.D. Pa. Mar. 29, 2017), report and recommendation adopted, 2017 U.S. Dist. LEXIS 61038 (M.D. Pa. April 21, 2017)) (collecting diverging cases). Here, the ALJ recited voluminous evidence – albeit evidence that she did not specifically tie to an interactive limitation -- that would support the limitation set forth in the RFC.

Plaintiff's argument regarding Dr. Jurczak's opinion and the RFC, however, fairly encompasses the argument that the lack of other mental or non-exertional limitations in the RFC is not properly supported. An RFC, and a hypothetical to a vocational expert, must account for moderate limitations that the ALJ has credited. "[A] 'moderate' limitation 'is not the same as no impairment at all' and thus cannot be ignored as a potential element in a claimant's RFC." Reveteriano v. Astrue, 490 F. App'x 945, 948 (10th Cir. 2012).

Here, the ALJ expressly gave "considerable weight" to an evaluating psychologist's conclusion that Plaintiff had moderate limitations in responding appropriately to usual work settings and to changes in a routine work setting. She concluded that these limitations were "generally consistent with the weight of the other substantial evidence in the record findings during the period at issue." In addition, the ALJ afforded Dr. Jurczak's opinion that Plaintiff had moderate difficulty maintaining concentration "some weight," as "somewhat consistent with some of the other substantial evidence in the record." Nonetheless, the RFC does not account for these limitations. Affording weight to an opinion, and failing to explain why it is not included in

the RFC, may preclude the Court from conducting a meaningful review. See Fitzgerald v. Berryhill, No. 17-677, 2018 U.S. Dist. LEXIS 124186, at *9 (W.D. Pa. July 25, 2018); see also Leiva v. Colvin, No. 15-0040, 2016 U.S. Dist. LEXIS 143475, at *10 (D.N.M. Feb. 17, 2016).

The ALJ authored a thorough decision, recounting and considering Plaintiff's extensive mental health treatment records. Nevertheless, "it is not clear to the Court whether the ALJ chose to exclude the limitations found … from Plaintiff's RFC or whether [s]he simply overlooked their inclusion therein, remand is required so that the basis for Plaintiff's RFC can be made clear." Jones v. Berryhill, No. 17-119, 2018 U.S. Dist. LEXIS 165043, at *12 (W.D. Pa. Sep. 26, 2018). While there may well be grounds for omitting limitations regarding concentration, work setting, and changes in routine, the lack of clarity regarding those limitations in particular renders meaningful review difficult.

**CONCLUSION**

For the foregoing reasons, this matter is remanded to afford the ALJ an opportunity to explain why limitations, afforded evidentiary weight, were not included in the RFC. The ALJ may conduct whatever proccedings she deems appropriate on remand. An appropriate Order follows.

BY THE COURT:

*Donetta F. Ambrose*

———————————

Donetta W. Ambrose
Senior Judge, U.S. District Court

Dated: February 14, 2020

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GAIL D. SCHMIDT  )
                              ) No. 18-1623
   v.

ANDREW SAUL,
COMMISSIONER OF SOCIAL
SECURITY

## ORDER

AND NOW, this 14th day of February, 2020, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is GRANTED and Defendant's DENIED, and this matter is remanded for further proceedings consistent with the foregoing Opinion.

                         BY THE COURT:

                         */s/ Donetta W. Ambrose*
                         _____

                         Donetta W. Ambrose
                         Senior Judge, U.S. District Court